Henry R. GERMANN, Plaintiff,

v.

CONSOLIDATED RAIL CORPORATION, a/k/a Conrail, a foreign corporation, Defendant.

No. 92–CV–1180.

United States District Court, N.D. New York.

March 2, 1994.

**500**

Cusick, Hacker & Murphy (James Hacker, of counsel) Latham, NY, and Moody, Strople & Kloeppel (John Basilone, of counsel), Portsmouth, VA, for plaintiff.

McNamee, Lochner, Titus & Williams (Jeffrey Culkin, of counsel), Albany, NY, for defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

■ Plaintiff, Henry R. Germann ("plaintiff"), has submitted a Notice of Appeal pursuant to Local Court Rule 43(II)(A)(1)(b) seeking review of Magistrate Judge Ralph W. Smith, Jr.'s January 19, 1994 order denying plaintiff permission to depose certain individuals in defendant Consolidated Rail Corporation's employ. It is noted that Local Court Rule 43(II)(A)(1)(b) is inapplicable to this case because the said rule concerns only with dispositive pretrial motions and prisoner cases. For purposes of plaintiff's motion, the court will assume that the motion was made pursuant to Local Court Rule 43(II)(A)(1)(a). This section is more appropriate since it deals with district court's review of non-dispositive matters.

The present motion has its genesis in a suit filed by the plaintiff which is predicated on the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 *et seq.* During discovery, plaintiff sought to have two of defendant's employees deposed based on the allegation that these two employees possessed relevant information to the case, and furthermore, because denial of such discovery would unfairly prejudice plaintiff. Magistrate Judge Smith ruled that plaintiff was not allowed to depose the two employees.

■ Plaintiff now seeks review of Magistrate Judge Smith's decision. *See* N.D.N.Y. Local Rule 43(II)(A)(1)(a). When a party appeals a magistrate judge's non-dispositive order, the district court may set aside any portion of the said order only if such portion is found to be "clearly erroneous or contrary to law." *Id.* "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Nikkal Indus., Ltd. v. Salton, Inc.,* 689 F.Supp. 187, 189 (S.D.N.Y.1988). Moreover, "with respect to non-dispositive discovery disputes, the magistrate judge is afforded broad discretion which a court should not overrule unless this discretion is clearly abused." *Mayes v. Local 106, International Union of Operating Engineers,* 1992 WL 335964, *2 (N.D.N.Y. Nov. 12, 1992). With these standards in mind, we turn to the specifics of the instant case.

■ Plaintiff alleges that the depositions of two employees, Dr. Nowosiwsky, defendant's medical director, and John Knecht, a physician's assistant in defendant's medical department, are essential since they were the individuals who determined that plaintiff was physically qualified to return to work. Plaintiff is seeking to depose them so that he may inquire into their decision making process. Defendant contends otherwise. Defendant argues that these two employees should not be deposed since they do not possess relevant independent evidence to this case. It is contended that the two employees lacked relevant independent evidence since any decision made by them was based on Dr. Tan-

nin's reports.[1] Defendant argues that any questions concerning the decision to have plaintiff returned to work should be "directed to the health care providers who made those recommendations and issued opinions on plaintiff's fitness to return to work. Those questions are not appropriately directed to the Conrail employees who simply informed plaintiff that he had been qualified to return to work by those healthcare providers." (Deft. Mem. at 7). Magistrate Judge Smith ultimately ruled that Dr. Tannin's testimony and report are within the scope of discovery, but ruled that the depositions of the two employees were not necessary.

From the evidence presented, this court cannot affirmatively state that the Magistrate Judge's decision was "clearly erroneous or contrary to law," because on the record, there is evidence to support the Magistrate Judge's decision. More specifically, there is evidence to support a finding that the testimony of the two employees in question were not relevant to the case at hand. This irrelevancy coupled with the fact that in nondispositive discovery disputes, the magistrate judge must be afforded broad discretion, *see Mayes*, 1992 WL 335964, *2, results in the denial of plaintiff's instant appeal.

### Conclusion

For the reasons stated, it is hereby

ORDERED, that plaintiff's appeal pursuant to Local Court Rule 43(II)(A)(1)(a) is denied.

IT IS SO ORDERED.

---

1. Dr. Tannin was the doctor who examined the plaintiff and made the recommendation that plaintiff return to work.