**Michele RIFF**

v.

**POLICE CHIEF ELMER CLAWGES, et al.**

Civ. A. No. 94–2782.

United States District Court, E.D. Pennsylvania.

Nov. 3, 1994.

Martha Sperling, Elizabeth O'Connor Tomlinson, Doylestown, PA, for Michele Riff.

Dennis L. Platt, Sweeney, Sheehan & Spencer, Philadelphia, PA, for Elmer Clawges, Township of Warminster.

Dennis L. Platt, Sweeney, Sheehan & Spencer, Philadelphia, PA, John J. Kerrigan, Jr., Stuckert & Yates, Newtown, PA, for William D. Shallcross, Joseph Ceccoli, Miguel A. Ramos, Jr., Stacey, Rosenberger.

Edward D. Foy, Jr., Liederbach, Hahn, Foy, & Petri, P.C., Richboro, PA, for the Warminster Tp. Police Benevolent Ass'n.

*ORDER—MEMORANDUM*

NAYTHONS, United States Magistrate Judge.

AND, NOW, this 2nd day of NOVEMBER, 1994, upon consideration of the Defendants' Motion to Compel directed to Plaintiff, Michele Riff to produce Michael Riff, a minor, plaintiff's son, for purposes of deposition, it is hereby ORDERED that the Motion is DENIED.

The defendant states that plaintiff has indicated that she had no prior police contact

before the incident giving rise to this action. Defendant alleges that it has learned that plaintiff's admission is false and that plaintiff did have prior police contact on at least one occasion when her son Michael, the prospective deponent, was obliged to call police concerning his mother's actions and intoxication. Defendant has attached as Exhibit "E" a police incident report from Warminster Township dated March 28, 1992 as well as a similar exhibit dated March 27, 1992 regarding the same incident. Defendant also claims that Michael, being plaintiff's son has the greatest knowledge of any individual concerning his mother's prior drinking habits, aggressiveness, and tendencies towards loud and abusive behavior.

## I.

Initially this Court notes that if the person to be deposed is a party to the action, or an officer, director or managing agent of a party to the action, a subpoena is not required and a notice is sufficient to require his attendance. *C. Wright & A. Miller,* Federal Practice & Procedure §§ 2107, 2112 (1970). If the deponent, as here, is *not* a party and does not consent to attend, then his attendance can be compelled only by subpoena issued under Fed.R.Civ.P. 45. Although federal judges have some inherent powers, they do not extend to compelling the attendance of witnesses; such a power would render Rule 45 meaningless. It is no abuse of discretion to refuse to compel attendance of a witness when the requesting party refuses to follow proper procedures.

## II.

Exhibits "E" and "F" attached to the defendants' Motion consists of incident reports by Michael Riff complaining of his mother's intoxication and an attempt "to get Michael's bank statement because she needed money". It also indicates in the incident report that "their mother was hitting them and cursing at them. No visible injuries were seen to either child by both officers on scene."

These records in the Court's view are admissible in evidence. Therefore, nothing could be gained by deposing Michael in addition to the admissibility of these records.

Federal Rule of Evidence 803(6) is the "business records" exception to the hearsay rule, which permits the introduction of certain records kept in the regular course of business. The relevant portion of Rule 803(8) allows admission of public records "setting forth ... matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel ..." In excluding matters observed by law enforcement personnel from the coverage of the exception, Congress did not intend to exclude records of routine, nonadversarial matters such as those in question here. The police officers who observed the scene of which Michael complains are law enforcement personnel included in Rule 803(8). The reports made by the officers as noted as Exhibit "E" and "F" are not of the adversarial confrontation nature which might cloud their perception. *See J. Weinstein & M. Berger,* Weinstein Evidence § 803 at 16–21 (1975). The Second Circuit has noted that

"[i]n adopting this exception, Congress was concerned about prosecutors attempting to prove their cases in chief simply by putting into evidence police officers' reports of their contemporaneous observations of crime ... The reports that would be admitted here were not of this nature; they did not concern observations by the police of the plaintiff's commission of crimes. *United States v. Grady,* 544 F.2d 598, 604 (2d Cir.1976)."

## III.

In the exercise of the Court's discretion I find that the testimony in the report of the police who documented the complaint of Michael, plaintiff's son, are within the scope of discovery. However, depositions of Michael are not necessary to the defendants' defenses. While evidence of prior alleged drunkenness and disorderly behavior by plaintiff may be relevant to the issues of provocation, deposing plaintiff's minor son is unnecessary and misguided because by such deposition would inject a parallel issue of parental abuse into the action which is not remotely connected to the questions to be

decided by the factfinder. *See Germann v. Consolidated Rail Corp.,* 153 F.R.D. 499 (N.D.N.Y.1994). In the *Germann* case the district court affirmed the United States Magistrate Judge's decision holding that plaintiff was not entitled to depose the Railroad's medical director and physician's assistant in the Railroad's Medical Department. The court held that the Magistrate Judge did not abuse his discretion in ruling that the testimony and report of the physician who examined plaintiff and recommended that he return to work were within the scope of discovery, but that depositions of the director and assistant were not necessary and that testimony of the director and assistant were not relevant to the case.

Defendants are given leave to submit specific requests for admission pursuant to Rule 36 Fed.R.Civ.P. regarding any prior complaints by Michael to the police or to anyone prior to the incidents in issue. Rule 36 serves two vital purposes both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.