## In re CONSOLIDATED PARLODEL LITIGATION.

Civil Action No. 95–1935.

United States District Court, D. New Jersey.

July 27, 1998.

Ellen Relkin, P.C., South Orange, NJ, Steven R. Fineman, Karen J. Mandel, Weitz & Luxenberg, P.C., New York, NY, Jeffrey Lutsky, Stradley, Ronan, Stevens & Young, Jerry Kristal, Weitz & Luxenberg, P.C., Cherry Hill, NJ, for Plaintiffs.

Jeffrey A. Peck, Shanley & Fisher, Morristown, NJ, Joe G. Hollingsworth, Spriggs & Hollingsworth, Washington, DC, for Defendant.

ORLOFSKY, District Judge.

These fourteen products liability actions were filed by sixteen women, and some of their husbands, against a New Jersey pharmaceutical company. The cases were consolidated for the limited purposes of discovery but, in an Opinion and Order filed on February 6, 1998, I denied Plaintiffs' motion to consolidate these cases for trial. I also denied Plaintiffs' motion to apply New Jersey law to each case. In the wake of those decisions, the defendant has moved to transfer each of these cases to the Plaintiff's

"home" district where the Plaintiff resides, where the Plaintiff was injured, where the Plaintiff was treated and where the Plaintiff's treating physician is located. This Court's jurisdiction has been invoked pursuant to 28 U.S.C. § 1332. For the reasons set forth below, the defendant's motion to transfer venue will be granted.

## I. BACKGROUND

Novartis Pharmaceuticals Corporation ("NPC"), formerly known as Sandoz Pharmaceuticals Corporation, manufactures the drug Parlodel. Five products liability actions were filed in the United States District Court for the District of New Jersey alleging that Parlodel caused injuries in women who took it to prevent post-partum lactation. *See* Civ. Action Nos. 95–1936, 95–1935, 95–6527, 95–4890, 95–2321. An additional nine actions were filed in the United States District Court for the Eastern District of New York. *See* Civ. Action Nos. 95–395, 95–516, 95–1629, 95–2150, 95–4319, 96–1450, 96–2269, 96–2632, 96–4052.

In five of the New York actions, NPC filed motions to transfer venue to the Plaintiffs' home districts which were denied. *See Klein v. Sandoz Pharmaceuticals Corp.*, 1996 WL 204495 (E.D.N.Y. Apr.16, 1996); Plaintiffs' Ex. D. Pursuant to 28 U.S.C. § 1404(a), the Honorable Sterling Johnson, Jr., United States District Judge for the Eastern District of New York, instead transferred those cases to the District of New Jersey. *See Klein*, 1996 WL 204495; Plaintiffs' Ex. D. Thereafter, the four cases remaining in New York were transferred to the District of New Jersey by consent order. *See* Plaintiffs' Ex. E.

Once in New Jersey, all of the cases were consolidated before this Court for the limited purposes of discovery. *See* Order of Magistrate Judge Rosen (dated Apr. 22, 1996). These cases were divided into three "waves" for discovery and trial preparation. Although the parties vigorously dispute the status of all three waves of cases, it is undisputed that even Wave I is not ready for trial and that very little fact discovery has begun in Wave III cases. *Compare* Supplementary Declaration of Joe G. Hollingsworth, Esq., in

Support of Motion to Transfer Venue ("Hollingsworth Supp. Decl.") at ¶¶ 46–63 *and* Third Supplementary Declaration of Joe G. Hollingsworth, Esq., in Support of Motion to Transfer Venue ("Hollingsworth 3d Supp. Decl.") at ¶¶ 2–4 *with* Certification of Ellen Relkin in Opposition to Points Raised in Supplemental Papers in Support of Defendant's Motion to Transfer Venue ("Relkin Cert.") at ¶¶ 14–19.

On September 11, 1997, Plaintiffs moved to consolidate these cases for trial and for choice of New Jersey law. I denied both of these motions. *See* Opinion and Order (dated Feb. 6, 1998) ("Consolidation Op."). NPC has now moved to transfer venue from the District of New Jersey to the respective districts where each Plaintiff resides.

## II. DISCUSSION

█ NPC has moved to transfer venue pursuant to 28 U.S.C. § 1404(a). That statute provides:

> For the convenience of the parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The purpose of this provision is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quotations omitted).

█ The burden of proof on a motion to transfer venue lies with the moving party. *See National Property Investors VIII v. Shell Oil Co.*, 917 F.Supp. 324, 326 (D.N.J. 1995); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F.Supp. 473, 480 (D.N.J.1993). The transfer analysis, however, "is flexible and must be made on the unique facts of each case." *Ricoh*, 817 F.Supp. at 479 (citing, e.g., *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).

The statute itself suggests one prerequisite for transfer, and three factors which should guide the court's discretion. *See* 28 U.S.C. § 1404(a); *One World Botanicals Ltd. v.*

*Gulf Coast Nutritionals, Inc.,* 987 F.Supp. 317, 325 (D.N.J.1997). The transferee forum is required to be one where the action could have been brought originally. *See* 28 U.S.C. § 1404(a); *One World Botanicals,* 987 F.Supp. 317, 325; *Ricoh,* 817 F.Supp. at 479. In this case, it is undisputed that Plaintiffs could have brought these actions in their home districts. *See* 28 U.S.C. § 1391(a)(2) (venue proper in any district where "a substantial part of the events ... giving rise to the claim occurred"); *see also* 28 U.S.C. § 1391(a)(1) (venue is proper in any district where a defendant resides) *and* 28 U.S.C. § 1391(c) (a corporate defendant resides in any district where it is subject to personal jurisdiction).

The statute also refers to three other relevant factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *See One World Botanicals,* 987 F.Supp. 317, 325; *Ricoh,* 817 F.Supp. at 479. Courts, however, have rarely limited their inquiries under § 1404(a) to those three factors. *See Jumara v. State Farm Insurance Co.,* 55 F.3d 873, 879 (3d Cir.1995) (Becker, J.); *Optopics Laboratories Corp. v. Nicholas,* 947 F.Supp. 817, 825 (D.N.J.1996). Instead, courts have divided relevant factors into two categories: the private interests of the parties and the public interest in the fair and efficient administration of justice. *See Jumara,* 55 F.3d at 879–880; *accord Optopics Laboratories,* 947 F.Supp. at 825; *Shell Oil,* 917 F.Supp. at 326.

■ Judge Irenas has provided a succinct summary of the typical interests which influence a transfer decision:

These include private interests—the parties' preferences, whether the claim arose elsewhere, the convenience of the parties, the convenience of the witnesses, and the location of the documents (to the extent that files could not be produced in the alternative forum)—and public interests— enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, the local interests in deciding local controversies at home, relevant public policies of the fora,

and the familiarity of the trial judge with state law if applicable.

*Optopics Laboratories,* 947 F.Supp. at 825; *see Jumara,* 55 F.3d at 879–80; *Shell Oil,* 917 F.Supp. at 326.

■ Before I proceed to analyze the individual factors in the transfer calculus, I note that Judge Bassler has granted a transfer motion in a remarkably similar case. *See Shell Oil,* 917 F.Supp. 324. In that case, a North Carolina plaintiff filed a products liability action against a New Jersey company in this district based on its use of the allegedly defective product in North Carolina. As here, the plaintiff in *Shell Oil* had selected the New Jersey forum and the defendant corporation and its employees were based in New Jersey. Nevertheless, Judge Bassler granted the defendant's § 1404(a) motion because North Carolina was host to the plaintiff, many non-party witnesses and the locus of the injury. In addition, the North Carolina court's docket was less clogged, North Carolina law would apply and, because North Carolina had a greater interest in the dispute, it was fairer to burden the citizens of that state with jury duty. Thus, Judge Bassler found it appropriate to transfer the action from New Jersey. *See id.* at 331; *see also In re Eastern District Repetitive Stress Injury Litigation ("In re EDRSIL"),* 850 F.Supp. 188, 194 (E.D.N.Y.1994) (transferring 75 products liability actions to the plaintiffs' home districts). This case presents obvious parallels to *Shell Oil* and, like Judge Bassler, I find that transfer is warranted under § 1404(a). I will now proceed to discuss the factors relevant to the transfer determination in this case.

## A. Private Interests

### 1. Plaintiffs' Choice of Forum

■ Although a plaintiff's choice of forum is ordinarily afforded significant weight, that factor diminishes where the plaintiff chooses a foreign forum rather than his or her home forum. *See Shell Oil,* 917 F.Supp. at 327; *Ricoh,* 817 F.Supp. at 480–81; *see also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The plaintiff's interest decreases even further

where "the central facts of a lawsuit occur outside the chosen forum." *Shell Oil,* 917 F.Supp. at 327; *see Harris v. National Railroad Passenger Corp.,* 979 F.Supp. 1052, 1053 (E.D.Pa.1997) ("It should be noted, however, that the plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based.").

In *Shell Oil,* Judge Bassler "accord[ed] little weight to Plaintiff's choice of New Jersey as the forum in which to litigate these [products liability] claims" because the product at issue was sold and used in North Carolina and the plaintiff had no presence in New Jersey. *Shell Oil,* 917 F.Supp. at 327. Moreover, Judge Bassler rejected the same argument put forth by Plaintiffs in these cases: that the defendant corporation is located in New Jersey. *See id.* Therefore, I find that although this factor may still weigh in Plaintiffs' favor, that weight is slight.

### 2. Witnesses

#### a. Treating Physicians

Perhaps the two most critical issues in these cases, specific causation and NPC's marketing representations, will rest upon testimony and other evidence from each Plaintiff's treating physicians. *See, e.g.,* Consolidation Op. at 8–10. These witnesses and the relevant documentary and other evidence are located in the home states of each individual Plaintiff. *See, e.g., id.* at 11. These critical witnesses, however, are not subject to the subpoena power of this Court. *See* Fed. R.Civ.P. 45(b)(2) ("a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the ... trial").

The inability of this Court to compel the live testimony of critical witnesses at trial suggests that transfer is appropriate. *See, e.g., Shell Oil,* 917 F.Supp. at 328; *Hoppe v. G.D. Searle & Co.,* 683 F.Supp. 1271, 1276 (D.Minn.1988) ("unavailability of compulsory attendance of these key witnesses is a compelling reason to transfer the case"); *Moore v. Velsicol Chemical Corp.,* 1980 U.S. Dist. LEXIS 12972, *6–8 (N.D.Ill. Jun. 18, 1980)

(transferring products liability case to plaintiff's home district of Connecticut where plaintiff's treating physicians and co-workers, but not defendant's employees, were located because "the Court considers it more important for the finder of fact to have the live testimony of the potential Connecticut witnesses than of the potential witnesses in this district"); *Fontana v. E.A.R.,* 849 F.Supp. 212, 214–15 (S.D.N.Y.1994) (transferring products liability action where "all of the relevant third-party witnesses are in Wyoming and are beyond the subpoena powers of this Court ... [but] not, however, beyond the subpoena power of a Wyoming court").

Plaintiffs contend that NPC could offer videotaped depositions of the treating physicians or cross-examine Plaintiffs' expert witnesses with the medical records and deposition testimony of the treating physicians. The methods suggested by Plaintiffs, however, are not the equivalent of live testimony by these witnesses. *See In re EDRSIL,* 850 F.Supp. at 194 (granting transfer motion despite plaintiffs' suggestion that use of videotaped depositions would mitigate subpoena problems, because "[d]epositions ... even when videotaped, are no substitute for live testimony"); *see also Gulf Oil v. Gilbert,* 330 U.S. 501, 511, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their case on deposition, is to create a condition not satisfactory to court, jury or most litigants").

Moreover, transfer of these cases would be more convenient for the non-party witnesses. *In re EDRSIL,* 850 F.Supp. at 194 (transferring 75 personal injury cases to districts across the country because "[e]ven if the witnesses were willing to testify, the long-distance travel required could impede trial in this district and would impose substantial expense on witnesses or the parties calling them" while "[t]ransfer will allow live trials at lesser expense"). In fact, some courts consider the convenience of non-party witnesses "the most powerful factor" in the transfer analysis. *See, e.g., id.* at 194. *But see Flanagan v. Armco Steel Co., L.P.,* 1997 WL 461995, *1 (W.D.N.Y. Aug 11, 1997) (disagreeing with *In re EDRSIL* and finding

that no one factor is dispositive). For these reasons, I find that the convenience and attendance of non-party witnesses weighs heavily in favor of transfer.

### b. NPC Employees

Plaintiffs contend that many employees and former employees of NPC would be unavailable to testify at trial in Plaintiffs' home states. Plaintiffs cite *Smith v. Chason,* 1997 WL 298254, *9 n. 4 (D.Mass. Apr.10, 1997), and *Hecht v. Don Mowry Flexo Parts, Inc.,* 111 F.R.D. 6, 11 (N.D.Ill.1986), for the proposition that the service requirements of Rule 45(b)(2) apply to parties as well as non-party witnesses. Judge Bassler faced this same argument in *Shell Oil,* however, and reached the opposite conclusion. *See Shell Oil,* 917 F.Supp. at 329 ("*unlike party witnesses,* non-party witnesses cannot be compelled to testify before this Court") (emphasis added); *Solomon v. Continental American Life Insurance Co.,* 472 F.2d 1043, 1047 (3d Cir.1973) (upholding transfer order pursuant to § 1404(a) where defense witnesses were not subject to compulsory process in New Jersey but "plaintiffs' witnesses all are parties"); *see also In re Guthrie,* 733 F.2d 634, 637 (4th Cir.1984) ("a *nonparty* witness outside the state in which the district court sits ... may not be compelled to attend a hearing or trial") (emphasis added). In fact, within this circuit it has been specifically held that a court's inability to compel the appearance of witnesses "does not warrant transfer when witnesses are employees of a party and their presence can be obtained by that party." *United States v. Brown University,* 772 F.Supp. 241, 243 (E.D.Pa.1991).

The ability of the transferee courts to compel the attendance of NPC employees at trial is further supported by the rule for deposition subpoenas. Rule 30 of the Federal Rules of Civil Procedure, governing depositions, provides that "[t]he attendance of witnesses may be compelled by subpoena *as provided in Rule 45.*" Fed.R.Civ.P. 30(a)(1) (emphasis added). Under Rule 30, and thus under Rule 45 by incorporation, courts have held that no subpoena is necessary to compel the attendance of a party. *See, e.g., Generale Bank Nederland N.V. v. First Sterling Bank,* 1997 WL 778861, *2 (E.D.Pa. Dec.18,

1997); *Riff v. Police Chief Elmer Clawges,* 158 F.R.D. 357, 358 (E.D.Pa.1994); *Trans Pacific Insurance Co. v. Trans–Pacific Insurance Co.,* 136 F.R.D. 385, 392 (E.D.Pa. 1991); *Monks v. Marlinga,* 923 F.2d 423, 426–27 (6th Cir.1991) (Nelson, J., concurring); *see also* 8A Charles A. Wright, Arthr R. Miller & Richard L. Marcus, Federal Practice & Procedure, Civil 2d § 2701. Thus, given the congruence of these rules, it would be inconsistent to assume that the transferee courts could compel NPC's attendance at depositions but not at trial.

Nevertheless, out of an abundance of caution, I will condition my grant of NPC's motion on NPC making available for such trials those of its employees whom Plaintiffs reasonably believe are necessary to prosecute their claims. *See A.P.T., Inc. v. Quad Environmental Technologies Corp., Inc.,* 698 F.Supp. 718, 724 (N.D.Ill.1988) (granting motion to transfer pursuant to § 1404(a) "on the requirement that Quad make available for trial in California those of its employees who Calvert reasonably believes are necessary to prosecute its claims").

I note also that twelve former NPC employees have been deposed by Plaintiffs but would not be subject to this Court's subpoena power. *See* Hollingsworth Supp. Decl. at ¶ 43. All but two of these witnesses, however, will be subject to the subpoena power of at least some of the transferee courts. The Eve and Nelson Plaintiffs could each subpoena three of those witnesses in Indiana; the Douglas and Dunn Plaintiffs could each subpoena three of those witnesses in North Carolina; the Kittleson Plaintiffs could subpoena two of those witnesses in Minnesota; the Bendet and Kerr Plaintiffs could each subpoena one of those witnesses in Missouri; and the Brasher, Globetti and Quinn Plaintiffs could each subpoena one of those witnesses in Alabama. *See id.* For these reasons, I reiterate that the availability and convenience of witnesses strongly favors transfer of these cases. *See Shell Oil,* 917 F.Supp. at 329 ("the convenience of non-party witnesses is accorded greater weight in the Section 1404(a) analysis than party witnesses").

### 3. Where the Claims Arose

Although Parlodel was designed and manufactured in New Jersey, and NPC made various decisions in New Jersey, Parlodel was marketed and consumed by Plaintiffs in their home districts. Thus, it appears as though these claims arose in Plaintiffs' home districts. *See Dahl v. HEM Pharmaceuticals Corp.*, 867 F.Supp. 194 (S.D.N.Y.1994) (transferring case to Nevada where drugs were administered); *Campbell v. FMC Corp.*, 1992 WL 176417, *2 (E.D.Pa. Jul.17, 1992) (transferring products liability action to place where allegedly defective product was used and injury occurred because that was where the "operative facts" occurred); *see also Shell Oil*, 917 F.Supp. at 330. Therefore, this factor weighs in favor of transfer. *See Musser v. Consolidated Rail Corp.*, 1992 WL 247296, *2 (E.D.Pa. Sep.24, 1992) (transferring action where "the most persuasive factor" was that the cause of action occurred in transferee district).

### 4. Timeliness of Motion to Transfer

Plaintiffs assert that NPC's motion is untimely because these cases have already gone through discovery. In the manner of modern complex civil litigation, the parties bicker over who is to blame for various discovery delays. I intimate no view here as to the merits of those contentions. At the end of the day, however, these facts are uncontradicted: (1) no fact depositions nor exchange of expert reports have occurred in the Wave III cases, *see* Hollingsworth Supp. Decl. at ¶ 46; Relkin Cert. at ¶ 17; (2) some, but not all, expert reports have been exchanged and some, but not all, depositions of treating physicians have been completed in the Wave II cases, *see* Hollingsworth Supp. Decl. at ¶¶ 48–51; Relkin Cert. at ¶ 15; and (3) neither document nor deposition discovery has been completed, nor *Daubert* hearings held,[1] in the Wave I cases, *see, e.g.,* Hollingsworth Supp. Decl. at ¶¶ 52–63; Relkin Cert. at ¶ 14.

I will not linger in the mire of discovery disputes reflected in these certifications of counsel. I note, however, that whatever the causes, NPC's most recent submission of cor-

respondence from Plaintiffs' counsel does indicate that discovery even in the Wave I cases--is far from complete. *See* Hollingsworth 3d Supp. Decl. at ¶¶ 2–3; *id.* at Exs. B, C (indicating that additional Plaintiffs' experts would still be designated in Wave I). Thus, I find that although discovery has been proceeding in this district, none of these cases is substantially ready for trial.

### B. Public Interest

#### 1. Judicial Backlogs

NPC and Plaintiffs emphasize different statistics in evaluating the significance of judicial backlogs. NPC contends that the District of New Jersey has a longer waiting period between filing and trial than any of the transferee districts, and a greater backlog than several of the transferee districts of cases more than three years old. *See* Defendant's Mem. at Exs. D, E. Plaintiffs emphasize that this district falls in the middle of the potential fora with respect to the average number of cases per judge and to the number of old cases, and that this district leads the pack in percentage decrease in the number of new filings. *See id.* I am unable to conclude that this factor favors either party.

#### 2. Application of State Law

I have previously denied Plaintiffs' motion to apply New Jersey law to all of these cases, and indicated that the choice of law analysis would be dealt with in each individual case. *See* Consolidation Op. at 15–16. For the limited purposes of this motion, and without prejudice to any later determination by the transferee courts, *see Shell Oil*, 917 F.Supp. at 330 n. 3, I find that the law of each Plaintiff's home state will govern the central issue of negligence in these cases. *See In re Ford Motor Company Ignition Switch Products Liability Litigation*, 174 F.R.D. 332, 348–49 (D.N.J.1997); *In re EDRSIL*, 850 F.Supp. at 196. Moreover, Plaintiffs themselves have recently filed a motion for protective orders premised upon the theory that the law of each Plaintiff's home state governs NPC's ex parte communications with treat-

---

1. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *see also General Electric Co. v. Join-* er, 522 U.S. 136, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

ing physicians in that state. Thus, I conclude that the apparent application of the law of each Plaintiff's home state weighs in favor of transfer.

### 3. Local Interests

Plaintiffs' home districts have a greater interest in these actions because most of the central facts of these suits occurred in those districts. *See Shell Oil*, 917 F.Supp. at 330. Therefore, because "[t]he burden of jury duty should not be placed on citizens with a remote connection to the lawsuit," this factor favors transfer. *See id.* (transferring action despite location of defendant corporation in New Jersey because otherwise "the District of New Jersey might host every localized dispute involving [defendant's] products"); *In re EDRSIL,* 850 F.Supp. at 195 ("When an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale.").

### C. Evaluation

In sum, although Plaintiffs have pointed out reasons not to transfer these cases, there are much stronger reasons to transfer them. Accordingly, NPC's motion to transfer venue will be granted.

### D. The Prior Transfer

 Plaintiffs rely upon Judge Johnson's earlier decision to transfer five of the New York actions to this district, and characterize that decision as law of the case. A preliminary decision to transfer cases, especially at the early stage of litigation in which Judge Johnson found the New York cases, may not constitute law of the case at all. *Cf. Shell Oil,* 917 F.Supp. at 330 n. 3. Even if it is the law of the case, however, subsequent evolution of the litigation has freed me from any obligation to follow it at this point.

Judge Johnson's decision was based in large part upon two important factors which no longer apply: (1) "the most critical witnesses *appear* to be from New Jersey;" and (2) the New York (transferor) court and the New Jersey (transferee) court could exercise effectively co-extensive power to compel attendance of witnesses. *See Klein v. Sandoz*

*Pharmaceuticals Corp.,* 1996 WL 204495 (E.D.N.Y. Apr.16, 1996) (emphasis added). Since Judge Johnson issued that decision, I have determined that the most "critical" witnesses are Plaintiffs' treating physicians located in Plaintiffs' home states, *see, e.g.,* Consolidation Op. at 11, and that this Court cannot compel the attendance of those witnesses at trial where the transferee courts could, *see supra* Part II.A.2.a. Therefore, to the extent that Judge Johnson's decision constitutes law of the case, I am not bound to follow his ruling. *See Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 116–17 (3d Cir.1997) (intervening changes in law or fact can justify reversal of the law of the case); *see generally In re Engel,* 124 F.3d 567, 583–85 (3d Cir.1997) (McKee, J., dissenting).

Plaintiffs also emphasize NPC's consent to the transfer of four cases from New York following Judge Johnson's decision. I will not, however, penalize NPC for, under those circumstances, refraining from an obviously frivolous attempt to oppose those transfers. Consequently, I will not deny NPC's motion on those grounds.

### E. Severance

 Before transferring these cases, I note that two of these actions each involve two sets of Plaintiffs from different districts. *See Globetti v. Sandoz Pharmaceuticals Corp.,* Civil Action No. 96–2327 (Globetti Plaintiffs and Kittleson Plaintiffs); *Douglas v. Sandoz Pharmaceuticals Corp.,* Civil Action No. 96–1907 (Douglas Plaintiffs and Brasher Plaintiffs). Therefore, the claims of the different Plaintiffs in these two actions will be severed prior to transfer. *See In re Eastern District Repetitive Stress Injury Litigation,* 850 F.Supp. 188, 196 (E.D.N.Y. 1994) (citing *Wyndham Associates v. Bintliff,* 398 F.2d 614, 618 (2d Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968)); *Henderson v. AT & T Corp.,* 918 F.Supp. 1059, 1064 (S.D.Tex.1996) (citing cases).

### III. CONCLUSION

For the reasons set forth above, NPC's motion to transfer venue will be granted. The Court will enter an appropriate Order.

ORDER

This matter having come before the Court on the motion of Defendant, Novartis Pharmaceutical Corporation, to transfer venue pursuant to 28 U.S.C. § 1404(a), Steven R. Fineman, Esq., and Karen J. Mandel, Esq., Weitz & Luxenberg, P.C., Ellen Relkin, Esq., P.C., and Jeffrey Lutsky, Esq., Stradley, Ronan, Stevens & Young, appearing on behalf of Plaintiffs, and Jeffrey A. Peck, Esq., Shanley & Fisher, and Joe G. Hollingsworth, Esq., Spriggs & Hollingsworth, appearing on behalf of Defendant; and,

The Court having considered Defendant's motion to transfer venue and papers filed in support thereof, Plaintiffs' opposition and papers filed in support thereof, Defendant's reply, Plaintiffs' sur-reply and papers filed in support thereof, three supplementary declarations of Joe G. Hollingsworth, Esq., in support of Defendant's motion and the Certification of Ellen Relkin, Esq., in opposition thereto, for the reasons set forth in the Court's OPINION, filed concurrently with this ORDER;

IT IS, on this 21st day of April, 1998, hereby ORDERED that Defendant's motion to transfer venue is GRANTED; and,

IT IS FURTHER ORDERED that the claims of the Brasher Plaintiffs and those of the Douglass Plaintiffs, currently consolidated in *Douglas v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-1907, and the claims of the Globetti Plaintiffs and those of the Kittleson Plaintiffs, currently consolidated in *Globetti v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-2327, are SEVERED; and,

IT IS FURTHER ORDERED that the individual cases be transferred, on the condition that Defendant make available to testify at trial in each transferee district those of its employees whom Plaintiffs reasonably believe are necessary to prosecute their claims, as follows:

1. *Bendet v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-2803, to the Eastern District of Missouri;

2. *Kerr v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-2326, to the Eastern District of Missouri;

3. *Eve v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 95-1936, to the Southern District of Indiana;

4. *Kerr v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 95-6527, to the Southern District of Indiana;

5. *Brasher v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-1907, to the Northern District of Alabama;

6. *Globetti v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-2327, to the Northern District of Alabama;

7. *Quinn v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 95-4890, to the Northern District of Alabama;

8. *Johnson v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 95-1935, to the Western District of Kentucky;

9. *Dunn v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-2329, to the Middle District of North Carolina;

10. *Douglas v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-1907, to the Middle District of North Carolina;

11. *Soldo v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 95-2321, to the Western District of Pennsylvania;

12. *Hall v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-2269, to the Northern District of Oklahoma;

13. *Hill v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-5036, to the Northern District of Texas;

14. *Kittleson v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-2327, to the District of Minnesota;

15. *Klein v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-2328, to the Central District of California; and,

16. *Parnell v. Sandoz Pharmaceuticals Corp.*, Civil Action No. 96-4491, to the Northern District of Florida.

## OPINION DENYING RECONSIDERATION

In an unpublished Opinion and Order dat-

ed April 21, 1998* (collectively the "Transfer Order"), I granted the motion of Defendant, Novartis Pharmeceuticals Corp. ("NPC"), to transfer venue, pursuant to 28 U.S.C. § 1404(a), to the districts where each Plaintiff resides. Plaintiffs have moved for reconsideration of that Order pursuant to L. Civ. R. 7.1(g) or, in the alternative, for certification of this issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[1] For the reasons set forth below, both of these motions will be denied.

## I. STANDARD FOR RECONSIDERATION

In this district, a motion for reconsideration is often referred to as a motion for reargument and is governed by Rule 7.1(g) of the Local Civil Rules. A motion for reargument must present "matters or controlling decisions which counsel believes the Judge or Magistrate has overlooked." *See* L. Civ. R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." *Chicosky v. Presbyterian Medical Center,* 979 F.Supp. 316, 318 (D.N.J.1997). Mere disagreement with a decision of the district court should normally be raised through the appellate process and is inappropriate on a motion for reargument. *Bermingham v. Sony Corp.,* 820 F.Supp. 834, 859 n. 8 (D.N.J.1992), *aff'd,* 37 F.3d 1485 (3d Cir.1994); *Florham Park Chevron, Inc. v. Chevron, U.S.A., Inc.,* 680 F.Supp. 159, 163 (D.N.J.1988). Only where matters were overlooked which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion. *See, e.g., Panna v. Firstrust Savings Bank,* 760 F.Supp. 432, 435 (D.N.J. 1991); *G–69 v. Degnan,* 748 F.Supp. 274, 275 (D.N.J.1990) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original deci-

sion fails to carry the moving party's burden.") (quotation omitted).

A motion for reargument "is an extremely limited procedural vehicle" and may not be used to expand the record before the court. *Resorts International, Inc. v. Greate Bay Hotel & Casino, Inc.,* 830 F.Supp. 826, 831 (D.N.J.1992). Relief under the rule is granted "very sparingly." *Maldonado v. Lucca,* 636 F.Supp. 621, 630 (D.N.J. 1986).

## II. DISCUSSION

In the Transfer Order, I essentially found that certain witnesses would not be subject to the trial court's subpoena power in either venue, but that more witnesses, and more important witnesses, would be unavailable in this Court. Therefore, I concluded that the balance of relevant factors favored transfer of these cases to Plaintiffs' home districts. Plaintiffs move for reconsideration on five grounds. The first three grounds involve considerations relating to anticipated trial witnesses. Plaintiffs contend that: (1) NPC's witnesses are not critical; (2) Plaintiffs' witnesses will not be subject to the subpoena powers of the transferee courts; and (3) this venue would be more convenient for non-party witnesses. Plaintiffs' rhetorical footwork does not convert these disagreements with the Transfer Order into controlling facts which the Court overlooked.

In the ten pages of the Transfer Order analyzing the various factors to be considered in determining whether a case should be transferred pursuant to 28 U.S.C. § 1404(a), approximately five and one-half pages were devoted to considerations relating to witnesses. *See* Transfer Order at 9–14. I expressly considered the fact that "Plaintiffs contend that many employees and former employees of NPC would be unavailable to

* At the time of filing on April 21, 1998, the Opinion and Order were not published. They were subsequently submitted for publication by this Court.

1. On April 21, 1998, the day I decided the motion to transfer, Plaintiffs filed a Motion to Defer Transfer and Retain Consolidation for Discovery Purposes until the Completion of General Liability Discovery which was referred to Hon. Joel B.

Rosen, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(a). On May 18, 1998, Judge Rosen dismissed that motion without prejudice pending the resolution of this motion for reconsideration. On the extensive record before me, I cannot conceive of any merit to that motion. Because it is not currently pending, however, I cannot deny the motion at this point.

**330**

testify at trial in Plaintiffs' home states." *See id.* at 11. If I had denied NPC's motion, the treating physicians would be unavailable to testify; if I had granted the motion, NPC's employees would be unavailable to testify. Essentially, I determined that, in these cases, the treating physicians were the critical witnesses. On this motion for reconsideration, Plaintiffs present valid arguments that treating physicians are not as important witnesses as the NPC's employees. Even the most legitimate disagreement with my assessment of this difficult balance, however, does not present grounds for reconsideration under L. Civ. R. 7.1(g).

Plaintiffs also contend that they have selected primarily local expert witnesses in anticipation of litigation in the District of New Jersey. Plaintiffs' choice of expert witnesses, however, does not alter my original decision. I note that the expense of transporting an expert witness from New Jersey to several trials across the country is likely to be much less than retaining multiple experts to duplicate the same work in different jurisdictions. Nevertheless, even assuming that Plaintiffs are prejudiced by transferring these actions away from a forum which is convenient to their expert witnesses, I am not persuaded that this would alter the ultimate balancing of factors in the Transfer Order.

In the alternative, Plaintiffs request that I certify the Transfer Order for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). That statute permits a district court to certify, in writing, that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). I will assume for the purposes of this motion that a transfer of venue pursuant to § 1404(a) can be certified for interlocutory appeal under § 1292(b). *See Katz v. Carte Blanche Corp.,* 496 F.2d 747, 755–56 (3d Cir.), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); *see*

*also Nascone v. Spudnuts, Inc.,* 735 F.2d 763, 765 (3d Cir.1984). *But see Katz,* 496 F.2d at 753 (finding that "cases such as *Standard v. Stoll Packing Corp.,* 315 F.2d 626 (3d Cir.1963), [held] that a grant of or refusal to grant a change of venue authorized by 28 U.S.C. § 1404(a) will not be reviewed under § 1292(b)").

Nevertheless, I find that, in these cases, an interlocutory appeal would impede, rather than advance, the termination of the litigation. This litigation involves fourteen separate product liability trials. Each appears to be "an ordinary case, rather than an exceptional one" with "no reason to believe that the trial of [P]laintiffs' claims will be either protracted or exceptionally costly," and therefore "the saving that would result from the possible avoidance of an unnecessary Second trial is [sic] not so significant as to warrant allowance of an immediate appeal." *See Mazzella v. Stineman,* 472 F.Supp. 432, 436 (E.D.Pa. 1979) (denying request to certify transfer order for interlocutory appeal pursuant to § 1292(b)). Accordingly, Plaintiffs' motion for certification pursuant to § 1292(b) will be denied.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' motions for reconsideration and for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) will be denied. The Court will enter an appropriate Order.**

### ORDER

This matter having come before the Court on the motion of Plaintiffs for reconsideration of this Court's Order dated April 21, 1998, or alternatively to certify that Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), Jerry Kristal, Esq., Steven R. Fineman, Esq., and Karen J. Mandel, Esq., Weitz & Luxenberg, P.C., Ellen Relkin, Esq., P.C., and Jeffrey Lutsky, Esq., Stradley, Ronan, Stevens & Young, appearing on behalf

---

** Following the filing of this Opinion and Order, plaintiffs petitioned the United States Court of Appeals for the Third Circuit for a writ of mandamus. In an unpublished Order, filed on September 28, 1998, prior to the submission of this Opinion for publication, the Third Circuit denied the petition.

of Plaintiffs, and Jeffrey A. Peck, Esq., and Bruce L. Shapiro, Esq., Shanley & Fisher, and Joe G. Hollingsworth, Esq., and Bruce J. Berger, Esq., Spriggs & Hollingsworth, appearing on behalf of Defendant, Novartis Pharmaceuticals Corp.; and,

The Court having considered the submissions of the parties, for the reasons set forth in the OPINION filed concurrently with this ORDER;

IT IS, on this 27th day of July, 1998, hereby ORDERED that the motion of Plaintiffs for reconsideration is DENIED; and,

IT IS FURTHER ORDERED that the motion of Plaintiffs' for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.