**Cordelia YOCHAM, Plaintiff,**

v.

**NOVARTIS PHARMACEUTICALS CORPORATION, Defendant.**

Civil No. 07–1810 (JBS).

United States District Court, D. New Jersey.

June 16, 2008.

---

9. Plaintiff does not provide any affidavits or statements to substantiate his claim.

Soleiman Khalil Raie, Esq., The Levensten Law Firm P.C., Philadelphia, PA, for Plaintiff.

Ethan D. Stein, Esq., Gibbons, P.C., Newark, NJ, for Defendant.

## *OPINION*

SIMANDLE, District Judge:

Plaintiff Cordelia Yocham filed this action against Defendant Novartis Pharmaceuticals Corporation ("Novartis"), alleging that she was injured as a result of ingesting Lamisil, a product manufactured by Defendant. Plaintiff, a Texas resident, filed this lawsuit in New Jersey, where Defendant's corporate offices are located and where the product at the heart of her claims was tested and marketed. Present-

ly before the Court is Defendant's motion [Docket Item 21] to transfer venue from this Court to the Northern District of Texas, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court will deny Defendant's motion.

## I. BACKGROUND

This lawsuit arises out of Plaintiff's allegation that she developed Steven–Johnson Syndrome ("SJS"), a painful and potentially life-threatening medical condition, as a result of having ingested Lamisil, a prescription antifungal medication manufactured and distributed by Defendant. (Compl.¶¶ 10–13.) Plaintiff, who resides in Ballinger, Texas, was prescribed Lamisil by her physician on April 14, 2005 to treat a toenail or fingernail infection. (*Id.* at ¶¶ 2, 7.) Plaintiff alleges that within two weeks of having used Lamisil, she developed a rash, and not long thereafter, she was admitted to the hospital and diagnosed with SJS. (*Id.* at ¶ 11.) Plaintiff was in the hospital for five days and alleges that she was permanently injured from the SJS that she alleges was the result of having taken Lamisil. (*Id.* at ¶¶ 13, 17.)

Plaintiff filed this action against Defendant in the Superior Court of New Jersey on April 5, 2007. (Docket Item 1.) Her Complaint asserts claims of negligence (Count I), strict liability (Count II), breach of express warranty (Count III), breach of implied warranty (Count IV), fraudulent misrepresentation (Count V), negligent and reckless misrepresentation (Count VI), unjust enrichment (Count VII), defective

design and failure to warn under the New Jersey Product Liability Act (Counts VIII and IX), and a New Jersey Consumer Fraud Act claim (Count X).[1]

In her Complaint, Plaintiff alleged that venue in the Superior Court of New Jersey was proper because Novartis' principal place of business is located in New Jersey. (Compl.¶ 3.) The documentation Plaintiff has submitted in opposing Defendant's motion indicates that at least some of the clinical studies on the toxicity and side effects of Lamisil were performed in New Jersey, (Pl.'s Opp'n Br. Ex. A at 4), and Plaintiff has represented that Defendant developed and marketed Lamisil in New Jersey. (Pl.'s Opp'n Br. Exs. A–F.)

Novartis timely removed this action to this Court on April 17, 2007. (Docket Item 1.) Plaintiff subsequently moved to remand this case back to the Superior Court of New Jersey, and on August 13, 2007, the Court issued an Opinion and Order denying Plaintiff's motion. (Docket Items 17 and 18.) Defendant then filed the motion to transfer venue presently under consideration.

## II. DISCUSSION

### A. Section 1404(a) Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2] The Court of Appeals has explained that

1. Since the parties filed their submissions in the matter presently under consideration, the Court of Appeals for the Third Circuit issued its decision in *Colacicco v. Apotex Inc.*, 521 F.3d 253, 256 (3d Cir.2008), in which it addressed "whether actions taken by the Food and Drug Administration ... pursuant to its authority under the Federal Food, Drug, and Cosmetic Act ... and the corresponding regu-

latory scheme preempt ... state-law failure-to-warn claims." At this stage, without the benefit of the parties' briefing, the Court expresses no opinion here as to the impact of *Colacicco* on the viability of Plaintiff's claims.

2. There is no dispute between the parties in this case that the threshold question under § 1404(a)—whether the Northern District of

[i]n ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995) (internal quotations and citations omitted). Courts ruling on § 1404(a) motions have accordingly taken into account a wide range of public and private interests in determining whether a transfer is appropriate.

▆▆▆▆ Among the private interests that the *Jumara* court identified as being significant to the § 1404(a) analysis are:

plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (citations omitted). Among the public interests to be considered are:

the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (citations omitted). It is well-settled that the burden on a § 1404(a) motion must be borne by the party seeking to transfer the case, and that "the motion must not be lightly granted." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3848; *see also Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970) (noting that "[t]he decision to transfer is in the court's discretion, but a transfer is not to be liberally granted") (citation omitted).

**B. Application of Section 1404(a) to this Case**

In support of its motion, Defendant argues that this case should be transferred to the District Court for the Northern District of Texas, because, as Plaintiff's state of residence and the state where Plaintiff's injuries occurred and medical treatment was rendered, Texas is a more convenient, appropriate venue than New Jersey.[3] As the Court explains below, it

---

Texas is a "district ... where [the case] might have been brought"—must be answered in the affirmative.

**3.** In opposing Defendant's motion, Plaintiff relies primarily on New Jersey cases addressing the doctrine of *forum non conveniens*. Although the Court agrees with Plaintiff that the transfer requested in Defendant's motion is not called for, it does not rely upon the *forum non conveniens* cases advanced by Plaintiff. *See* Wright, Miller & Cooper, Fed-

eral Practice and Procedure: Jurisdiction 3d § 3847 ("It is quite clear that a district court hearing a transfer motion need not consider the *forum non conveniens* law of the state in which the court is sitting"); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (noting that "§ 1404(a) transfers are different than dismissals on the ground of *forum non conveniens*").

finds that the private interests in this case weigh strongly against transfer, that the public interests do not tip as heavily against transfer, and that Defendant's motion should thus be denied.

### 1. *Private Interest Considerations*

 First, the Court finds that the private interest considerations in this case weigh against transfer. Foremost among the Court's concerns under this prong of the analysis is Plaintiff's decision to file this action in New Jersey. While a plaintiff's choice of forum is clearly not entitled to dispositive weight in the § 1404(a) calculus, *see In re Consolidated Parlodel Litigation*, 22 F.Supp.2d 320, 323 (D.N.J. 1998), it is black-letter law that "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879 (citation omitted); *see also Knierim v. Siemens Corp.*, No. 06–4935, 2008 WL 906244, *20 (D.N.J. Mar. 31, 2008); *Yang v. Odom*, 409 F.Supp.2d 599, 604 (D.N.J.2006); *Sandvik, Inc. v. Continental Ins. Co.*, 724 F.Supp. 303, 307 (D.N.J.1989). Indeed, in light of the "paramount consideration" accorded to a plaintiff's choice of venue, *Shutte*, 431 F.2d at 25, courts in this district have recognized that "[u]nless the balance of inconvenience of the parties is strongly in favor of Defendant, [Plaintiff's] choice of forum should prevail." *Clark v. Burger King Corp.*, 255 F.Supp.2d 334, 338 (D.N.J.2003) (citing *Shutte*, 431 F.2d at

25); *see also Sandvik*, 724 F.Supp. at 307 (noting that "[t]his requires something more than a mere preponderance of the evidence in favor of transfer") (internal quotations and citation omitted).[4]

Defendants have not shown that the remaining private interest considerations tip "strongly" in favor of transfer. *Id.* Defendants' most persuasive argument is that Texas-based third-party witnesses—and, in particular, Plaintiff's treating physician—"are not subject to the subpoena power of this Court" and might be unavailable for trial in this forum. *Parlodel*, 22 F.Supp.2d at 324; *see also* Fed.R.Civ.P. 45(b)(2) ("a subpoena may be served at any place ... within the district of the issuing court ... [or] within 100 miles of the place specified for the ... trial"). However, the Court does not find this factor sufficient to tip the balance in favor of transfer for two reasons. First, Defendant has adduced "no evidence that any of [these] out-of-state witnesses would be unwilling to come voluntarily to [this District]." *Dobson Bros. Const. Co. v. D.M. Dozers, Inc.*, No. 06–3235, 2007 WL 258309, *4 (D.Neb. Jan. 25, 2007). Second, and relatedly, since Plaintiff will bear the burden of proof at trial as to the issues about which her physician might testify, such as causation and damages, there is every reason to expect that Plaintiff herself will endeavor to make such witnesses available to testify at trial.[5] The Court

4. In closer cases than this one, courts have held that a plaintiff's choice of forum is entitled to less weight if the chosen forum is not the plaintiff's home forum. *See Parlodel*, 22 F.Supp.2d at 323. Where, as here, the remaining § 1404(a) factors do not militate strongly in favor of transfer, a plaintiff's choice of forum should not be disturbed. *See Clark*, 255 F.Supp.2d at 338 (recognizing that a court may deny a motion to transfer "even though plaintiff filed in a district which was not his home nor the situs of events in contention") (citing *Sovereign Bank, F.S.B. v. Roch-*

*ester Community Savings Bank*, 907 F.Supp. 123, 126 (E.D.Pa.1995)).

5. In addition, there are New Jersey-based witnesses for whom testifying in Texas would likely be inconvenient. While Defendant is correct that the inconvenience to non-party witnesses is entitled to greater weight in the § 1404(a) analysis than the inconvenience to party-employee witnesses, there are potential New Jersey-based third-party witnesses, such as the independent New Jersey parties who performed clinical tests on Lamisil, who

thus finds that this factor does not weigh heavily in favor of transfer.

The remaining private interest factors likewise do not militate in favor of transfer. The "location of books and records" does not tip the scale in either direction, *Jumara,* 55 F.3d at 879 (citation omitted), because, as Plaintiff argues, while her medical records and other such documents are likely to be located in Texas, Novartis' documents pertaining to the development, testing, and marketing of Lamisil are located in New Jersey. Similarly, the Court does not find that considerations of where Plaintiff's "claim arose" favor either outcome, *id.,* since both venues have ties to the facts at issue in this case—although Plaintiff used Lamisil and was allegedly injured from such use in Texas, the product at the heart of her lawsuit was developed, tested, and marketed in New Jersey by a company with its corporate office in this state. Finally, while the Court recognizes Defendant's stated preference to litigate this dispute in Texas, it certainly would work no serious inconvenience against Defendant to defend this action against it in its home state. § 1404(a).

In summary, the Court finds on balance that § 1404(a)'s private interest considerations weigh strongly against transferring the case.

### 2. *Public Interest Considerations*

■ For similar reasons, the Court does not find that considerations of the public interest weigh so strongly in favor of transfer as to warrant disturbing Plaintiff's choice of forum. *See Clark,* 255 F.Supp.2d at 338. First, there is no question that a judgment in this case would be equally enforceable in Texas and New Jersey. *See id.; Jumara,* 55 F.3d at 879.

Likewise, as the Court explained, *supra,* the likelihood that parties, documents, and witnesses will have to be transported from one forum to another regardless of where this case is litigated means that "practical considerations that could make the trial easy, expeditious, or inexpensive" do not favor either forum. *Jumara,* 55 F.3d at 879. Similarly, while cognizant of the principle that "local controversies" should be decided "at home," *id.,* the Court again notes that both fora have ties to the facts at issue in Plaintiff's case, in that Plaintiff was allegedly injured in Texas by a product she alleges was negligently and/or defectively developed, tested, and marketed in New Jersey. This is not a case in which a plaintiff has chosen a forum with little or no apparent connection to the facts at issue in the case.

■ Although the remaining public interest considerations could conceivably tip in Defendant's favor, they are plainly insufficient to meet the heavy burden a defendant bears when moving to disturb a plaintiff's choice of forum. *See Shutte,* 431 F.2d at 25; *Clark,* 255 F.Supp.2d at 338; *Sandvik,* 724 F.Supp. at 307. First, while Defendant may be correct that at least some of Plaintiff's claims may be governed by Texas law, Defendant's argument that this factor weighs in favor of transfer proves too much, since, under the choice-of-law analysis that either this Court or the Texas court will eventually undertake, one court likely will have to reckon with both New Jersey and Texas law to determine whether a conflict between the two states' laws exists. *See Lebegern v. Forman,* 471 F.3d 424, 428 (3d Cir.2006) (court undertaking choice-of-law analysis must examine both jurisdictions' laws to

would be beyond the subpoena power of the District Court for the Northern District of

Texas. *See* Fed.R.Civ.P. 45(b)(2).

determine whether an "actual conflict" exists). In any case, while the "familiarity of the trial judge with the applicable state law," *see Jumara,* 55 F.3d at 880, is a consideration that could tip the balance in an otherwise close call, the Court notes that federal district courts are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit. Disturbing Plaintiff's choice of forum in order to spare this Court the trouble of interpreting Texas law is simply not called for here. Lastly, the Court agrees with the *Clark* court's observation that "although courts may consider calendar congestion in ruling upon a § 1404(a) motion, relative congestion of the respective courts' dockets is not a factor of great importance in this type of motion." *Clark,* 255 F.Supp.2d at 338 (citing cases).

As the foregoing discussion indicates, if the public interest considerations identified in *Jumara* weigh in Defendant's favor, they do so weakly. Balancing those considerations against the substantial weight of the private interest factors disfavoring transfer, the Court finds that it would serve neither "the convenience of parties and witnesses," nor "the interest of justice" to transfer this case. § 1404(a).

## III. CONCLUSION

For the reasons explained above, the Court finds that this case should not be transferred to the Northern District of Texas, and will thus deny Defendant's motion. The accompanying Order will be entered.