David M. JORDAN

v.

**DELAWARE & HUDSON RAILWAY COMPANY.**

Civ. A. No. 83–3945.

United States District Court,
E.D. Pennsylvania.

July 23, 1984.

Allan J. Sagot, Philadelphia, Pa., for plaintiff.

Joseph A. O'Brien, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Presently before the Court is the defendant's motion to transfer this F.E.L.A. action to the Northern District of New York on the basis of forum *non conveniens.* Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" in consideration of "the convenience of parties and witnesses [and] in the interest of justice". Moreover, a decision to transfer is committed to the sound discretion of the trial court. *Piper Aircraft Company v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981).

At the time this action was filed, and presumably prior thereto, plaintiff resided

in Petersburg, New York.[1] Petersburg is located in the Northern District of New York. The defendant's business operations are centered in the Northern District of New York and the Middle District of Pennsylvania. Plaintiff was injured in the Northern District of New York during the course of his employment with the defendant. He was treated, thereafter, by five physicians in the Northern District of New York and one in the Middle District of Pennsylvania. Consequently, most of his medical records are located in the Northern District of New York. The plaintiff's fact witnesses reside in the Middle District of Pennsylvania. However, each is an employee of the defendant and works in the Northern District of New York. Three of the defendant's fact witnesses reside in the Northern District of New York. The defendant's remaining fact witness resides in the Middle District of Pennsylvania, but works in the Northern District of New York. With respect to plaintiff's medical witnesses, two maintain offices in the Northern District of New York, and one maintains an office in the Middle District of Pennsylvania. However, plaintiff plans to call an economic expert, a construction safety expert, and a vocational expert all of whom have offices in the Eastern District of Pennsylvania. Plaintiff's counsel also has his office in the Eastern District of Pennsylvania. Finally, the median time from the date of filing to the date of disposition of civil cases is seven (7) months in the Eastern District of Pennsylvania, eight (8) months in the Middle District of Pennsylvania and fourteen (14) months in the Northern District of New York.[2]

■ In deciding a motion to transfer, we must balance all relevant private and public interest factors. Among the factors to be considered are the plaintiff's choice of forum, the location of the defendant's principal offices, the residence of potential witnesses, the situs of the event giving rise to the suit, the location of pertinent records or documents, the pile-up of litigation in congested centers, and all other practical problems that make the trial of a case easy, expeditious and inexpensive. *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Bonnell v. General Motors Corporation*, 524 F.Supp. 275, 276 (E.D.Pa.1981); *B.J. McAdams, Inc. v. Boggs*, 426 F.Supp. 1091, 1104 (E.D.Pa.1977); *Blender v. Sibley*, 396 F.Supp. 300, 302 (E.D.Pa.1975). Ordinarily, there is a strong presumption in favor of the plaintiff's choice of forum. However, where, as here, a plaintiff chooses a forum which is not his home forum, his choice should be given considerably less weight. *Piper Aircraft Company v. Reyno*, 454 U.S. at 256, 102 S.Ct. at 266.

■ With this in mind, the facts clearly favor a transfer of the instant matter from the Eastern District of Pennsylvania to either the Middle District of Pennsylvania or the Northern District of New York. Only the offices of plaintiff's counsel and those of three of his expert witnesses can be found in the Eastern District of Pennsylvania. The convenience of counsel is not a factor to be considered in deciding the instant motion. *Solomon v. Continental American Life Insurance Company*, 472 F.2d 1043, 1047 (3d Cir.1973); *Solties v. Massey-Ferguson, Inc.*, No. 83–3216 slip op. at 2 (E.D.Pa. June 28, 1984). Moreover, the testimony of plaintiff's economic expert, construction safety expert, and vocational expert is standard in that it varies little substantively from case to case of this type. If need be, counsel could easily videotape this testimony for purposes of trial. Finally, where virtually all the remaining factors favor a transfer, the fact that the aforementioned three experts have offices in the Eastern District of Pennsylvania is inconsequential.

---

1. The complaint states that the plaintiff is a resident of Petersburg, New York. However, in his motion in opposition to the transfer the plaintiff indicates that he resides in the Middle District of Pennsylvania.

2. *See,* Management Statistics for United States Courts (1982), prepared by the Administrative Office of the United States Courts.

As we stated earlier, either the Middle District of Pennsylvania or the Northern District of New York is a more convenient location for this action. In terms of sheer numbers, the Northern District of New York has more factors which favor transfer to it. Moreover, the defendant has not requested a transfer to the Middle District of Pennsylvania, and neither party has urged us to consider it as an alternative forum. Although the difference in disposition time of civil cases in the Middle District of Pennsylvania and the Northern District of New York favors transfer to the former, the majority of relevant factors weigh in favor of a transfer to the Northern District of New York.

An appropriate order follows.