George SANDONAS and Angela
Sandonas, his wife, Plaintiffs,

v.

WEIRTON STEEL CORPORATION, a
Delaware corporation, National Intergroup, Inc., formerly National Steel
Corporation, a Delaware corporation,
and Phillip D. Henry, M.D., an individual, Defendants.

Civ. A. No. 85–2830.

United States District Court,
W.D. Pennsylvania.

Dec. 9, 1986.

---

Richard D. Klaber, Robert J. Marino, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for plaintiffs Sandonas.

David V. Breen, Pittsburgh, Pa., for National Intergroup, Inc., formerly National Steel Corp.

Carl H. Hellerstedt, Volk, Robertson, Frankovitch, Anetakis & Hellerstedt, Pittsburgh, Pa., for Weirton Steel Corp.

Joseph J. Bosick, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for Phillip D. Henry, M.D.

OPINION

COHILL, Chief Judge.

This is a diversity suit arising out of an accident suffered by plaintiff, George Sandonas. The matter is presently before us on motions by defendants, Weirton Steel Corporation ("Weirton"), National Steel Corporation ("National"), and Phillip D. Henry, M.D., to transfer the case to the United States District Court for the Northern District of West Virginia, pursuant to 28 U.S.C. § 1404(a).

Plaintiffs, George and Angela Sandonas, are residents of Steubenville, Ohio. Weirton is a Delaware corporation with offices in Weirton, West Virginia. National is a Delaware corporation with offices in Pittsburgh. Dr. Henry is currently a resident of the state of Connecticut.

The complaint alleges that plaintiff George Sandonas was injured in an accident at a plant formerly owned by National and presently owned by Weirton. The plant was located in Weirton, West Virginia. Plaintiffs allege that defendants are liable for damages arising from Mr. Sando-

nas' injury and for allegedly negligent medical treatment rendered by Dr. Henry, who was then employed at the Weirton plant's infirmary.

Weirton and National have denied liability. Dr. Henry argues that this court cannot exercise personal jurisdiction over him, as the cause of action arose in West Virginia and Dr. Henry has never lived, practiced medicine, or registered to practice medicine in Pennsylvania. Dr. Henry also argues that, as a co-employee, he is immune from tort liability under West Virginia law.

All three defendants have moved to dismiss for improper venue or, in the alternative, to transfer this action to the Northern District of West Virginia. Plaintiffs oppose transfer, but concede that this court does not have personal jurisdiction over Dr. Henry.

## MOTION TO DISMISS

■ Defendants assert that venue is improper in this court. We must disagree. A corporation may be sued in "any judicial district in which it is incorporated or licensed to do business or is doing business." 28 U.S.C. § 1391(c). Since defendant National has offices in this district and defendant Weirton is doing business in this district, this court cannot dismiss for improper venue.

## MOTION TO TRANSFER

Defendants argue that a transfer to the United States District Court for the Northern District of West Virginia is appropriate under § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). All the parties concede that this action might have been brought in the Northern District of West Virginia. The remaining issue is whether this case should be transferred "for the convenience of parties and witnesses, in the interest of justice."

■ The first consideration in this analysis is the plaintiffs' choice of forum. There is a strong presumption in favor of the plaintiffs' choice of forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). However, if plaintiffs are not residents of the district where suit was brought, their choice of forum receives less deference. *Jordon v. Delaware & Hudson Ry. Co.*, 590 F.Supp. 997, 998 (E.D. Pa.1984).

■ In this case, Mr. and Mrs. Sandonas are not residents of this district. The presumption in favor of their choice of forum is therefore not as strong as it would be if they did reside here. Defendants allege that plaintiffs chose this forum for the convenience of their counsel, who are located in Pittsburgh. Convenience of counsel is not a relevant factor. *Luca Oil Drilling Co. v. Gulf Oil Corp.*, 593 F.Supp. 1198, 1200 (W.D.Pa.1984).

■ The court must next examine other relevant factors. Convenience to parties and witnesses is a statutorily mandated consideration. 28 U.S.C. § 1404(a); *see Gulf Oil*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. Defendants argue forcefully that convenience weighs heavily in favor of transfer to the Northern District of West Virginia, because medical records, evidence concerning employment conditions, and virtually all potential witnesses are located in West Virginia. However, we are not convinced that Wheeling, West Virginia, where this case would likely be transferred, is more convenient to parties and witnesses than Pittsburgh. The two cities are only about 60 miles apart. Steubenville, Ohio, where plaintiffs reside, is not significantly closer to Wheeling than to Pittsburgh. Weirton, West Virginia, where Weirton's plant and records are located, is approximately midway between Wheeling and Pittsburgh. Furthermore, National has its offices in Pittsburgh. Any convenience to parties and witnesses which might be gained by transferring this litigation to the

district court in Wheeling is insufficient to overturn the normal presumption in favor of plaintiffs' choice of forum.

■ The availability of compulsory service is a factor which the court must consider. *Luca Oil,* 593 F.Supp. at 1200. Although this court cannot obtain service upon Dr. Henry, the district court in the Northern District of West Virginia would be able to serve him because he did practice medicine in West Virginia. Availability of service on Dr. Henry is not an issue in this litigation, however, because plaintiffs have stated that they prefer to dismiss their claims against Dr. Henry and remain in this court.

■ The court must consider public interest factors, such as judicial efficiency and local interest. *Gulf Oil,* 330 U.S. at 508–509, 67 S.Ct. at 843. There is no evidence that judicial efficiency would be better served by a transfer. It is likely that both courts have similar caseloads. In fact, transfer to another court might unnecessarily delay these proceedings and therefore have a negative effect on judicial efficiency and the public interest. Due to the proximity of Wheeling and Pittsburgh, there is no strong indication that local interests would be better served by a transfer. Although jurors in the Northern District of West Virginia might be somewhat more interested in the occurrences that gave rise to this case than jurors in this district, this factor is not persuasive enough to dictate transfer. Overall, we are not convinced that the public interest would be better served if the trial were held in Wheeling as opposed to Pittsburgh.

■ Defendants also argue that this case should be transferred because West Virginia law applies, and the district court in Wheeling is more familiar with West Virginia law. We do not find this argument persuasive. Defendants have requested transfer to another federal district court, not to state court. We acknowledge that, as a practical matter, federal courts in West Virginia may hear more cases based on West Virginia law than the courts in

this district. However, none of the federal courts is an arbiter of state law, and the law applicable to a personal injury case is not likely to be very complicated nor peculiar to the particular state where it occurred. Insofar as the case may involve an interpretation of a "peculiar area of West Virginia Workmans' Compensation Law" (see Weirton's Memorandum of Law, page 6) we believe that the learned counsel involved in this case will be well-able to advise the court as to the proper course to follow.

The federal courts are to take state law as they find it, and merely apply it to the facts of the instant case. *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Wright, Miller & Cooper, 19 Federal Practice & Procedure §§ 4503, 4507 (1982 & Supp.1986). We acknowledge that some district court opinions have cited familiarity with state law as a factor in a decision to transfer a case. *See, e.g., Mutual of Omaha Ins. Co. v. Dolby,* 531 F.Supp. 511, 516 (E.D.Pa.1982). However, in those cases other, more convincing, factors justified transfer. We cannot accept the proposition that familiarity with state law is sufficient justification for shuffling cases from one federal court to another, when no other factors weigh persuasively in favor of the moving party.

Finally, defendant cites the case of *Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir. 1981), which directed that a case be transferred from the Western District of Pennsylvania to a district court in West Virginia on grounds of convenience. There are significant factual distinctions between that case and this one. The conveniences weighed more heavily in favor of transfer in *Schwilm,* since that case was transferred to a court which is a greater distance from this court than Wheeling is. More importantly, in *Schwilm* it was the plaintiff who sought transfer, thus the usual presumption in favor of plaintiff's choice of forum did not militate against transfer. The motion we consider here was brought by defendants, and defendants have not overcome the presumption.

Although defendants have given us a tempting opportunity to reduce our caseload by transferring this matter to another district, we are not persuaded that such a transfer would serve the convenience of parties and witnesses, or the interest of justice. The balance of conveniences is not such that it will be unnecessarily burdensome for defendant or the court to proceed in this forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 n. 23, 102 S.Ct. 252, 266 n. 23, 70 L.Ed.2d 419 (1981). Defendants have not overcome the presumption in favor in plaintiffs' choice of forum. Therefore, this matter will remain in this court.

## PERSONAL JURISDICTION OVER DR. HENRY

We have determined that this case should be retained in this court. Plaintiffs have already conceded that this court does not have personal jurisdiction over Dr. Henry. The claims against Dr. Henry will accordingly be dismissed for lack of personal jurisdiction.

An appropriate order will be entered.