Casmir **KIELCZYNSKI**

v.

**CONSOLIDATED RAIL CORPORATION.**

**Civ.A.No. 93–4560.**

United States District Court,
E.D. Pennsylvania.

Nov. 8, 1993.

Robert A. Kosseff, Traubman, Chaiken & Kosseff, Philadelphia, PA, for plaintiff.

Thomas J. Wamser, Consolidated Rail Corp., Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently pending before this Court is the motion of the defendant, the Consolidated Rail Corporation (hereinafter "Conrail") to Transfer this action to the U.S. District Court for the Western District of Pennsylvania on the basis of *forum non conveniens.* For the reasons which follow, the motion is denied.

### I. *STATEMENT OF THE CASE*

According to the averments contained in the plaintiff's complaint and in his responsive brief to the instant motion, he suffered a serious back injury while in the course and scope of his employment as a carman with the defendant railroad corporation on January 6, 1993. The subject accident occurred in and Plaintiff resides in Hollidaysburg, Pennsylvania, which is in Pennsylvania's Western District. Conrail's office and principal place of business and Plaintiff's primary treating physician, however, are located in Philadelphia and it was apparently for these reasons that plaintiff commenced this suit in the Eastern District of Pennsylvania pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* By way of its now pending motion, Conrail contends that this case should have originally been brought in the Western District, that venue properly lies in that district, and that the interests of the parties and witnesses are best served by transferring this action to that district. In support of this argument, Defendant submits that none of the witnesses to the accident reside in the Eastern District and that most of the plaintiff's medical treatment was rendered in Western Pennsylvania. Defendant further argues that this court has no means by which to compel the attendance of unwilling witnesses and that even if the witnesses were to voluntarily appear, the inherent costs of having them travel to Philadelphia would work an unreasonable and harsh result upon the defendant.

### II. *DISCUSSION*

The Federal Employers' Liability Act includes a specific venue provision which essentially mirrors that set forth at 28 U.S.C. § 1391. 45 U.S.C. § 56 states, in relevant part:

Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the several States.

28 U.S.C. § 1404(a), in turn, allows a district court to "transfer any civil action to any other district or division where it might have been brought" ... "for the convenience of parties and witnesses, [and/or] in the interest of justice." The purpose of this provision is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Kimball v. Schwartz,* 580 F.Supp. 582, 588 (W.D.Pa.1984). Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. The decision to transfer is in the court's discretion, but a transfer is not to be liberally granted. *Cottman Transmission v. Metro Distributing,* 796 F.Supp. 838, 845 (E.D.Pa.1992) quoting *Stewart Organization,*

*Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988), *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964) and *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3rd Cir.1970).

In assessing a transfer motion, a court should not lightly disturb plaintiffs' choice of forum and should hold defendants to establishing a strong preponderance in favor of transfer. *U.S. v. Brown University,* 772 F.Supp. 241, 243 (E.D.Pa.1991). Ordinarily, there is a strong presumption in favor of the plaintiff's choice of forum, although where the plaintiff chooses a forum which is not his home forum, his choice should be given considerably less weight. *Jordan v. Delaware & Hudson Railway Co.,* 590 F.Supp. 997, 998 (E.D.Pa.1984) citing, *inter alia, Piper Aircraft Company v. Reyno,* 454 U.S. 235, 256, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). In determining whether transfer would be in the interest of justice and for the convenience of the parties, in addition to the plaintiff's choice of forum, the courts should consider such factors as the parties' residences, the residence of potential witnesses, the situs of events giving rise to the lawsuit, the location of records and documents, and all other practical problems that make the trial of a case easy, expeditious and inexpensive. In addition, certain "public interest factors" such as the relative congestion of court dockets, choice of law considerations and the relationship of the community in which the courts and jurors are required to serve to the occurrences that give rise to the litigation are also properly considered. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *U.S. v. Brown University, supra,* at 242–243; *National Mortgage Network v. Home Equity Centers,* 683 F.Supp. 116, 119 (E.D.Pa.1988). The convenience of witnesses is, however, given less consideration if the defendant is a transportation company and is able to bring the witnesses to the forum with little difficulty. 15 C. Wright, A. Harkins and E. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3851 at 423 (1986).

In evaluating this case in light of the above-referenced factors, we first observe that although the situs of the plaintiff's accident is located within the Western District, Hollidaysburg is still a significant distance from Pittsburgh, the locale of the U.S. Courthouse for Pennsylvania's Western District. Thus we find that the interest and relationship of the potential jurors to the people and places involved in this accident differs only slightly, if at all, from one district to the other. According to the 1992 Federal Court Management Statistics, while the U.S. District Court for the Western District of Pennsylvania, takes an average of 23 months from the date of filing to dispose of a case, the U.S. District Court for the Eastern District does so in approximately 11 months. The interests of judicial efficiency and economy therefore militate in favor of this action remaining in this court.

What's more, although it appears that all of the eyewitnesses to the accident reside in the Hollidaysburg area, the plaintiff's primary treating physician/surgeon and chief expert witness is located in Philadelphia and, pursuant to Fed.R.Civ.P. 45(b)(2) and 42 Pa. C.S.A. § 5905, the attendance of witnesses outside of this district may be compelled, if necessary. Finally, the defendant is a transportation company for whom movement of its witnesses into this district should pose little difficulty. Based upon all of the foregoing then, this court cannot find that the defendant has sustained its burden of showing that the convenience of the parties and witnesses and the interests of justice are best served by disturbing the plaintiff's choice of forum and transferring this action to the Western District. Defendant's motion shall therefore be denied in accordance with the following order.

### ORDER

AND NOW, this 8th day of November, 1993, upon consideration of Defendant's Motion to Transfer This Action to the Western District of Pennsylvania on the basis of the doctrine of Forum Non Conveniens, it is hereby ORDERED that the motion is DENIED.