Joel D. HARRIS

v.

NATIONAL RAILROAD PASSENGER
CORPORATION.

No. CIV.A. 97–CV–3351.

United States District Court,
E.D. Pennsylvania.

Nov. 12, 1997.

Robert A. Kosseff, Law Offices of Robert
A. Kosseff, Philadelphia, PA, for Plaintiff.

Kevin H. Josel, Landman, Corsi, Ballaine & Ford, New York City, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

The defendant National Railroad Passenger Corporation ("Amtrak") has filed a motion to transfer venue in this case to the U.S. District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion is denied.

### Background

Plaintiff contends that he suffered physical and emotional injuries as the result of a shooting which occurred while he was working in the locomotive shop at Amtrak's Wilmington (Delaware) Maintenance facility on April 10, 1997. On that date, one of plaintiff's co-employees went on a shooting rampage in which he killed one foreman and seriously wounded two others before he himself was shot and killed by the Wilmington police. Although plaintiff is himself a resident of Wilmington, Delaware, he filed this action pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA") in this Court as Amtrak does business and has offices in Philadelphia. By this motion, defendant argues that this case is properly transferred to the District of Delaware since that is where plaintiff resides, that is where the incident occurred and where many of the witnesses are located.

### Discussion

Defendant's motion invokes 28 U.S.C. § 1404(a), which provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

FELA broadly defines venue in 45 U.S.C. § 56 which states, in relevant part:

Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several states.

While § 1404 gives the district courts discretion to decide a motion to transfer based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted. *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988); *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3rd Cir.1970). The burden of establishing the need for transfer rests with the movant. In FELA actions, the party moving for transfer must make a clear, definite, and unequivocal case for the transfer. *Musser v. Consolidated Rail Corporation,* 1996 WL 417352 (E.D.Pa.1996); *Coble v. Consolidated Rail Corp.,* 1992 WL 210325 (E.D.Pa.1992).

In ruling on a defendant's motion, the plaintiff's choice of venue is not to be lightly disturbed. *Jumara v. State Farm Insurance Co.,* 55 F.3d 873, 879 (3rd Cir.1995). It should be noted, however, that the plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based. *Jordan v. Delaware & Hudson Railway Co.,* 590 F.Supp. 997, 998 (E.D.Pa.1984); *Schmidt v. Leader Dogs for the Blind, Inc.,* 544 F.Supp. 42, 47 (E.D.Pa.1982).

In deciding a motion to transfer, the court must first determine whether the alternative forum is a proper venue and then whether the balance of convenience clearly weighs in favor of a transfer. *See: Watt v. Consolidated Rail Corp.,* 1997 WL 288607 (E.D.Pa.1997). In considering convenience, the courts should consider the parties' residences, the residence of potential witnesses, the situs of events giving rise to the lawsuit, the location of records and documents and all other practical problems that make the trial of a case easy, expeditious and inexpensive. Additional public interest factors are properly considered such as the relative congestion of court dockets, choice of law considerations and the relationship of the community in which the courts and jurors are required to serve to the occurrences that gave rise to the litigation. *Gulf Oil Corp. v. Gilbert,* 330 U.S.

**1054**

501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *Kielczynski v. Consolidated Rail Corp.*, 837 F.Supp. 687, 689 (E.D.Pa.1993). The convenience of witnesses is given less consideration where the defendant is a transportation company and is able to bring the witnesses to the forum with little difficulty. *Kielczynski,* at 689; 15 C.Wright, A. Miller and E. Cooper, *Federal Practice & Procedure,2d,* § 3851 at 423 (1986). Transfer is not warranted if the result is merely to shift the inconvenience from one party to the other. *Vipond v. Consolidated Rail Corp.*, 1994 WL 534808, 1994 U.S. Dist. Lexis 13898 (E.D.Pa.1994), citing *Kimball v. Schwartz,* 580 F.Supp. 582, 588 (W.D.Pa.1984).

 Applying these principles to the case at hand, we first observe that Mr. Harris resides and Amtrak does business in Wilmington, Delaware and that is where the shooting incident at issue took place. Clearly, venue lies in the District of Delaware and plaintiff could have commenced this action there just as easily as he did here.

We next examine the convenience factors and in so doing take judicial notice that a distance of no more than 35 miles separates Wilmington, Delaware from Philadelphia, Pennsylvania. While several of the potential witnesses reside in Delaware, it is also clear that nearly an equal number reside within the Eastern District of Pennsylvania, including several Amtrak employees, plaintiff's treating psychiatrist and defendant's claims representative. While several Wilmington police officers are also potential witnesses, plaintiff has agreed to depose those officers in Delaware at their convenience. In any event, under Fed.R.Civ.P. 45(b)(2), this Court's subpoena power extends for 100 miles and thus compelling the attendance of any necessary police or other witnesses at trial in the Eastern District should be easily achieved, particularly in light of Amtrak's status as a transportation company.

We likewise cannot find that the District of Delaware has no greater public interest in the outcome of this case than does this court. Indeed, Amtrak has offices and does business in both districts and thus the relationship and stake in the outcome of this case which each community and its jurors have is essentially the same. Moreover, according to the 1996 Federal Court Management Statistics,

while the U.S. District Court for the District of Delaware had fewer new case filings (870) than did the Eastern District (9,720), the Eastern District has more judges (23) than does its neighbor to the south (4) and takes an average of twelve (12) months to dispose of its cases in contrast to the twenty-one (21) months which it takes in Delaware. We therefore conclude that the interests of judicial economy and efficiency militate in favor of this action remaining in this court.

In view of all of the foregoing, we cannot find that the defendant has met its burden of showing that the interests of justice and the convenience of the parties and witnesses are best served through a transfer of this case to the District of Delaware. For these reasons, the motion to transfer venue will be denied pursuant to the attached order.