## In re CHARLES SCHWAB & CO. SECURITIES LITIGATION

Civ. No. 1999-020

District Court of the Virgin Islands

Division of St. Thomas and St. John

September 22, 1999

A. Jeffrey Weiss, Esq., St. Thomas, U.S.V.I., *for plaintiffs*

Joseph B. W. Arellano, Esq., St. Thomas, U.S.V.I., *for defendants*

### MEMORANDUM

Moore, *District Judge*

The plaintiffs' forum-shopping exploits conclude today. For the reasons set forth below, the Court will grant defendant Charles Schwab & Co., Inc.'s ["Schwab & Co."] motion to transfer this litigation to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a).

### FACTUAL SUMMARY

This past Spring, plaintiffs Eva Cooper ["Cooper"], Phillip Zuccala ["Zuccala"], and Nine Rodeo West, Ltd. ["NRW"] filed a

succession of class action complaints against Charles R. Schwab, Schwab & Co., and its wholly-owned affiliate Mayer & Schweitzer, Inc. ["M&S"]. *Inter alia,* these complaints allege that the aforementioned defendants violated the Securities Exchange Act, 15 U.S.C. §§ 78a-7811, and rules promulgated by the Securities and Exchange Commission by processing their clients' stock and securities transactions at "consistently disadvantageous prices." (*See* Compl., *Cooper v. Schwab,* Civ. No. 1999-020, Feb. 20, 1999, at 9-10; *see also* Compl., *Zuccala v. Schwab,* Civ. No. 1999-065, Apr. 21, 1999, at 11-12; Compl., *Nine Rodeo West v. Schwab,* Civ. No. 1999-066, Apr. 21, 1999, at 13.) Defendant Schwab & Co. promptly moved to transfer these cases "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), to a federal court in San Francisco or New York City.[1]

## DISCUSSION

█ In weighing Schwab & Co.'s motion, the Court must "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 877 (3d Cir. 1995) (quoting 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3847 (2d ed. 1986)). Of course, Schwab & Co. bears the burden of establishing by a preponderance of the evidence that transfer is necessary. *See Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970).

> Among the factors to be considered are: 1) plaintiff's choice of forum; 2) defendant's preference; 3) where the claim arose; 4) convenience to the parties; 5) convenience to witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; 6) location of books and records; 7) practical considerations that could make the trial easier, more expeditious, or less expensive; 8) congestion of the possible fora; and 9) the

---

[1] (*See* Def.'s Mem., June 8, 1999.) The Court consolidated these cases on July 20, 1999, and has granted the defendants forty-five days from today to answer the plaintiffs' amended/consolidated complaint, filed on September 17, 1999. (*See* Order, Sept. 3, 1999.)

familiarity of the trial judge with the applicable state law in diversity cases.

*BABN Techs. Corp. v. Bruno,* 25 F. Supp. 2d 593, 598 (E.D. Pa. 1998) (citing *Jumara,* 55 F.3d at 879-80).

Although our Court of Appeals has ruled that "[t]he plaintiff's choice of venue should not be lightly disturbed," *Jumara,* 55 F.3d at 878 (citation omitted), the named plaintiffs' choice deserves little deference because they have few ties to this jurisdiction. *See Stanton v. Hyatt Corp.,* 1999 U.S. Dist. LEXIS 6697, Civ. No. 1998-106, 1999 WL 293716, at *5 (D.V.I. Apr. 29, 1999) (transferring suit brought by New York resident to Southern District of New York); *Jordan v. Delaware & Hudson Ry. Co.,* 590 F. Supp. 997, 998-99 (E.D. Pa. 1984) (transferring suit brought by New York resident to Northern District of New York). Among the named plaintiffs, only Eva Cooper maintains any residence in the Virgin Islands, and she appears to be a winter resident who lives in New York for much of the year. (*See* Def.'s Mem., June 8, 1999, at 7; Cooper's Responses, Aug. 6, 1999, at 6.) Plaintiff Zuccala lives in New York, (*see* Zuccala's Responses, Aug. 6, 1999, at 7), and NRW, which appears to have the largest pecuniary interest in this case, has admitted that, as a California resident, "it would be more convenient . . . to [try] this [a]ction in the Northern District of California." (*See* NRW's Responses, Aug. 6, 1999, at 3.) The plaintiffs have scant interest in the Virgin Islands other than their desire to sue here. Further, they are merely potential *representatives* of a class whose members live predominantly in California. (*See* Def.'s Mem., June 8, 1999, at 7 ("Only one out of every 4,000 active Schwab accounts [lies] with a customer located in the Virgin Islands."); Def.'s Reply, Sept. 10, 1999, at 9 (noting that 37.5% of putative class resides in California).) The plaintiffs' choice of forum is entitled to little deference.[2]

---

[2] *See Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 524, 91 L. Ed. 1067, 67 S. Ct. 828 (1947) ("where there are hundreds of potential plaintiffs[,] . . . all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened"); *see also Job Haines Home for the Aged v. Young,* 936 F. Supp. 223, 228 (D.N.J. 1996) (transferring securities class action because class representative's decision to sue in its home state was the product of "a mere fortuity"); (*see also* Pl.'s Opp'n, Sept. 2, 1999, at 9

Schwab & Co.'s preferred forum, the United States District Court of the Northern District of California, is manifestly more sensible than the District Court of the Virgin Islands. The plaintiffs' claims did not arise here. (*See* Pl.'s Opp'n, Sept. 2, 1999, at 19 ("the operative facts giving rise to this lawsuit did not occur in this District").) Cooper, the sole named plaintiff with any ties to the Virgin Islands, transacted business with Schwab & Co. only from her New York address. (*See* Def.'s Mem., June 8, 1999, at 7.) So where did the plaintiffs' claims develop?

The plaintiffs assert that their claims arose at M&S's headquarters in Jersey City, New Jersey, where it "effectuates the trades forwarded to it by Schwab [& Co.]," and may have jointly formulated transaction policies with Schwab & Co. (*See* Pl.'s Opp'n, Sept. 2, 1999, at 3-4 ("this inference is warranted at this stage because Schwab [& Co.] has refused to answer discovery about M&S").) M&S executes only a portion of the allegedly disadvantageous trades handled by Schwab & Co., however,[3] and Schwab & Co. indisputably has played an important role in devising and implementing its transaction policies. Moreover, the defendants' discovery responses regarding M&S are no more evasive than those submitted by the plaintiffs about Cooper's ties to the Virgin Islands. (*See* Cooper's Responses, Aug. 6, 1999, at 4-6.) Neither side deserves the benefit of a presumption. The record suggests only that Schwab & Co. devised the policies criticized by the plaintiffs. Consequently, the plaintiffs' cause of action originated at Schwab & Co.'s headquarters in San Francisco, within the Northern District of California.[4]

---

(acknowledging that choice of forum receives "considerably less weight in class action suits")).

[3] The plaintiffs' complaint alleges that the defendants processed their transactions at "consistently disadvantageous prices" at numerous exchanges, (*see* Compl., *In re Schwab*, Civ. No. 1999-002, Sept. 17, 1999, at 2, 15), several of which M&S does not employ. (*See* Def.'s Reply, Sept. 10, 1999, at 7 ("In an effort to focus this motion on the location of M&S, plaintiffs now seek to re-interpret their complaints as if their only allegations concerned the Nasdaq Stock Market, and not the five exchanges.").)

[4] Attorneys not directly involved in this case recently filed a complaint against M&S in the United States District Court for the District of New Jersey. The plaintiffs cite that complaint, which is virtually identical to their own, as proof that their claims arose in the Garden State. (*See* Pl.'s Opp'n, Sept. 2, 1999, at 22 (noting that other counsel has represented that "the wrong-doing alleged . . . is centered in Jersey City, New Jersey");

The District Court of the Virgin Islands is an inconvenient forum for nearly all the parties enmeshed in this litigation. As previously noted, Zuccala and Cooper reside in New York for much of the year. NRW is located in California, and it has admitted that San Francisco is a more convenient forum than St. Thomas. Trial in San Francisco would be more convenient for the vast majority of potential class members, who live in the continental United States, commonly in California. *See supra.* Even some of the plaintiffs' attorneys maintain California offices. (*See* Def.'s Mem., June 8, 1999, at 7.) Again the facts favor transfer to the Northern District of California.

Inconvenience to witnesses and the location of books and records do not necessitate transfer of this case. Neither side has identified actual witnesses for trial. Off-island witnesses could appear here through written or video depositions, or via the Court's teleconferencing system, assuming that they would testify.[5] The plaintiffs could review Schwab & Co.'s corporate archives and bring material documents to trial anywhere in the United States.

On the other hand, trial of this case in the Virgin Islands would be expensive for the parties and wasteful of the Territory's limited judicial resources. The plaintiffs suggest that Schwab & Co. can bear the inconvenience and cost of flying private jets from San Francisco to St. Thomas.[6] Perhaps so, but the people of the Virgin Islands have relatively little interest in resolving the matters of concern to those on board. *See Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947) ("In cases which touch the affairs

---

*see also* Compl., *Weisbrot v. Mayer & Schweitzer, Inc.*, Civ. No. 99-4040CJA, at 1-18 (D.N.J. filed Aug. 25, 1999).) This transparent gambit does not deserve comment. However, the Court respectfully would suggest that the District of New Jersey or the Judicial Panel on Multi-District Litigation transfer the Weisbrot complaint to the Northern District of California.

[5] Obviously, the Court generally cannot compel the presence of non-party witnesses outside the Virgin Islands and Puerto Rico in civil proceedings. *See* FED. R. CIV. P. 45(b)(2).

[6] To buttress this point, the plaintiffs cited the affidavit of professional pilot Steven B. Atlass for the proposition that, as long as Schwab's attorneys and witnesses use private aircraft, a direct flight plan, and encounter typical automotive traffic en route, "there is no material difference between traveling from San Francisco to the Courthouse in Foley Square, New York City, as compared to the Courthouse in Charlotte Amalie." (*See* Pl.'s Opp'n, Sept. 2, 1999, at 14 (summarizing Atlass' affidavit).) This amusing flight of fancy does not render trial in St. Thomas any less inconvenient or inexpensive.

of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only."). Citizens of California have the greatest reason to be interested in this action, as they hold the plurality of Schwab accounts. *See supra* note 2. Accordingly, their federal courts are a better forum for the plaintiffs' class action than this Court or the United States District Court for the Southern District of New York.

## CONCLUSION

■ The plaintiffs and their attorneys have chosen to press this class action in a courthouse perched on the shores of the Caribbean Sea, far from the prying eyes of other counsel who might vie for the role of lead counsel, or the interested ears of many Schwab & Co. customers who might seek to become lead plaintiffs. A preponderance of the evidence illustrates not only that trial in the Virgin Islands would be inconvenient and improper, but that the plaintiffs could have brought their claims in the optimal forum in the first instance—the Northern District of California. An Order transferring this litigation to that judicial district follows.

## ORDER

For the reasons expressed in the attached Memorandum, it is

ORDERED that this matter is TRANSFERRED to the United States District Court for the Northern District of California. The Clerk of Court shall transmit the case files for Civil Nos. 1999-020, 1999-065, and 1999-066, to the Clerk of that tribunal. The undersigned judge conveys his compliments to the receiving judge, and offers his assistance in the speedy transfer of this case.

ENTERED this 22nd day of September, 1999.